IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WHALEY, ) <br> ID # 645333, ) <br> Petitioner, ) <br> vs. ) <br> ) <br> ) <br> COURT OF CRIMINAL APPEALS, et al., ) <br> Respondents. ) | <br> <br> <br> No. 3:18-CV-144-C (BH) <br> <br> <br> <br> Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the plaintiff's post-judgment *Motion to Vacate and Reverse Sentence(s)*, received on October 4, 2019 (doc. 43). Based on the relevant filings and applicable law, the filing should be construed as a new habeas petition under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as successive.

### I. BACKGROUND

Michael Dewayne Whaley (Petitioner) was convicted of aggravated robbery in Cause Nos. F91-45041 and F93-01488 and engaging in organized criminal activity in Cause No. F92-36477 in Dallas County, Texas, on June 9, 1993, and he was sentenced to 40 years' imprisonment in each case. (*See* doc. 3 at 2)[2]; *see also* https://offender.tdcj.texas.gov/offendersearch (search for petitioner). The judgments were affirmed on appeal. *See Whaley v State*, Nos. 11-93-127-CR, 11-93-128-CR, 11-93-129-CR. 11-93-130-CR (Tex. App. – Eastland Dec. 9, 1993, no pet.) He unsuccessfully challenged those convictions through a federal habeas petition that was dismissed

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

as barred by the statute of limitations on September 24, 1999. *See Whaley v. Johnson*, No. 3:97-CV-2760-D (N.D. Tex. Sept. 24, 1999). Because of multiple challenges to the same state convictions, the Fifth Circuit Court of Appeals sanctioned Petitioner $150 and barred him from further challenging his conviction or sentence until he paid the sanction in full, unless he first obtained leave to file a challenge. *In re Whaley*, No. 11-10180 (5th Cir. April 28, 2011).

Petitioner subsequently filed a civil action under 42 U.S.C. § 1983 against several defendants based on their roles in his prosecution, conviction, appellate review, and incarceration in Cause Nos. 91-45041, 92-36477, 92-36482, and 93-01488. (*See* No. 3:16-CV-3281-C, docs. 2, 15.) His claims were dismissed as frivolous by judgment dated September 5, 2017. (*See id.*, doc. 20.) He then filed a post-judgment *Motion for Released [sic] on Parole,* received on January 11, 2018, which contended that there was no evidence to support his convictions, asked that the state court judgments be set aside, and sought his release pending an evidentiary hearing. (*See id.*, doc. 31.) The filing was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See id.*, doc. 39.) It was opened as this new habeas case, the petition was filed in it, and then the case was administratively closed for failure to comply with the Fifth Circuit's sanction order. (*See* docs. 4, 5.) Petitioner appealed the order, but the appeal was ultimately dismissed for want of prosecution. (*See* docs. 6, 23.)

On October 30, 2018, the Fifth Circuit notified this Court that Petitioner had satisfied the sanction in No. 11-10180. (*See* doc. 17.) This habeas case was subsequently reopened and transferred to the Fifth Circuit as successive on November 20, 2018. (*See* docs. 18, 20-21.) The Fifth Circuit denied him leave to file a successive § 2254 petition, sanctioned him in the amount of $300.00, and barred him from filing any challenge to his conviction or sentence until he paid the

sanction in full, unless he first obtained leave. (*See* doc. 27.) It subsequently granted Petitioner's motion to reinstate the appeal, but later dismissed it for lack of jurisdiction. (*See* docs. 30, 34-35.) Petitioner paid the sanction and filed a motion for writ of mandamus in this court, which transferred it to the Fifth Circuit, which then dismissed it for want of prosecution. (*See* docs. 38-39, 41.) Petitioner again seeks to vacate and reverse his convictions in this lawsuit. (*See* doc. 43.)

## II. NATURE OF SUIT

Because Petitioner's motion expressly challenges his state convictions in this closed habeas action, it is properly construed as a new habeas petition under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (a prisoner seeking to challenge the fact or duration of confinement may only do so within the exclusive scope of habeas corpus). The filing should be opened as a new habeas case.

## III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have

been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[3] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions that he challenged in a prior federal petition that was denied on its merits. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed

---

[3] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

4

his prior federal petition challenging the same convictions.

Petitioner's new federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this new successive petition for habeas relief, this Court lacks jurisdiction over the new habeas action.

## IV. RECOMMENDATION

The post-judgment motion (doc. 43) should be construed as a new 28 U.S.C. § 2254 habeas petition, and the Clerk of Court should be **DIRECTED** to: (1) terminate the motion in this case; (2) open a new habeas case for administrative purposes only; (3) docket the motion in that new case as a § 2254 petition filed on October 4, 2019; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file in the new case a copy of these Findings,

Conclusions, and Recommendation of the United States Magistrate Judge and any order accepting these Findings, Conclusions, and Recommendation; and (6) without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 8th day of October, 2019.**

                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE