IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL DEWAYNE WHALEY,** | ) | |
| **ID # 645333,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:19-CV-2392-C (BH)** |
| | ) | |
| | ) | |
| **COURT OF CRIMINAL APPEALS, et al.,** | ) | |
| **Respondents.** | ) | **Referred to U.S. Magistrate Judge[1]** |

<u>**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Before the Court is the *Motion For Correctness*, received on December 16, 2019 (doc. 8).

Based on the relevant filings and applicable law, the motion should be construed as seeking relief

under Fed. R. Civ. P. 60(b) and **DENIED**.

**I.  BACKGROUND**

On June 9, 1993, Michael Dewayne Whaley (Petitioner) was convicted of aggravated

robbery with a deadly weapon in Cause Nos. F91-45041 and F93-01488, and engaging in organized

criminal activity in Cause No. F92-36477, in Dallas County, Texas, and was sentenced to 40 years'

imprisonment in each case. *See* https://offender.tdcj.texas.gov/offendersearch. The judgments were

affirmed on appeal. *See Whaley v. State*, Nos. 11-93-127-CR, 11-93-128-CR, 11-93-129-CR. 11-93-

130-CR (Tex. App. – Eastland Dec. 9, 1993.)  He unsuccessfully challenged those convictions

through a federal habeas petition that was dismissed on October 27, 1999, as time-barred.  *See*

*Whaley v. Johnson*, No. 3:97-CV-2760-D (N.D. Tex.).  Because of his multiple challenges to the

same state convictions, on April 28, 2011, the United States Court of Appeals for the Fifth Circuit

sanctioned Petitioner $150.00 and barred him from filing "any challenge to his conviction or

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

sentence until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *In re Whaley*, No. 11-10180 (5th Cir. April 28, 2011).

Petitioner filed a civil action under 42 U.S.C. § 1983 that was received on November 23, 2016, against several defendants based on their roles in his prosecution, conviction, appellate review, and incarceration in Cause Nos. 91-45041, 92-35477, 92-36482, and 93-01488. (*See* No. 3:16-CV-3281-C (§ 1983 Action), doc. 2.) His claims were dismissed by judgment dated September 5, 2017. (*See id.*, docs. 16, 19, 20.) Petitioner appealed the judgment, but his appeal was ultimately dismissed for want of prosecution. (*See id.*, docs. 21, 24.) He filed several post-judgment motions, including a *Motion for Released [sic] on Parole* that was received on January 11, 2018; the motion for release alleged prosecutorial misconduct and insufficient evidence to support his convictions, asked that the state court judgments be set aside, and sought his release pending an evidentiary hearing. (*See id.*, doc. 31 at 1-2,.) Because the motion expressly challenged his state confinement, it was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See id.*, docs. 32, 33.) A new habeas case, No. 3:18-CV-144-C (Habeas Case), was opened; the construed petition was filed in it; and Habeas Case was then administratively closed for failure to comply with the Fifth Circuit's sanction order. (*See* Habeas Case, No. 3:18-CV-144-C, docs. 3, 4, 5.) Petitioner appealed the order. (*See id.*, doc. 6.)[2] He also subsequently filed a post-judgment motion in Habeas Case that was construed as a petition for writ of mandamus, and a new mandamus case, No. 3:18-CV-2816-C (Mandamus Case) was opened, and the petition for writ of mandamus was filed in that new case. (*See id.*, doc. 16; *see also* No. 3:18-CV-2816-C, doc. 3.)[3]

---

[2]The appeal was dismissed for want of prosecution on December 24, 2018. (*See id.,* doc. 23.)

[3]Over Plaintiff's objection, Mandamus Case was dismissed for lack of jurisdiction on January 23, 2019. (No. 3:18-CV-2816-C, docs. 11, 12, 13 and 14.)

On October 30, 2018, the Fifth Circuit notified this Court that Petitioner had satisfied the $150.00 sanction in No. 11-10180. (*See id.*, doc. 17.) Habeas Case was then reopened and transferred to the Fifth Circuit as a successive petition on November 20, 2018. (*See id.*, docs. 18, 20-21.) Noting that he appeared to raise claims of "no evidence" and prosecutorial misconduct, the Fifth Circuit denied Petitioner leave to file a successive § 2254 petition, sanctioned him in the amount of $300.00, and barred him from filing any further challenge to his convictions or sentences until he paid the sanction in full, unless he first obtained leave. (*See id.,* doc. 27.) Petitioner moved to reinstate the appeal, and the Fifth Circuit granted his motion, but it later dismissed the appeal for lack of jurisdiction because the notice of appeal was inadequate and the appeal was moot, and it also found that the appeal was frivolous. (*See id.*, docs. 28, 30, 34, 35.) Noting the pending filing bar and unpaid sanction, the Fifth Circuit did not impose additional sanctions but again warned Petitioner that filing future frivolous or repetitive challenges to his conviction or sentence would subject him to additional and progressively more severe sanctions. (*See id.*, doc. 34 at 2.)[4] Petitioner subsequently paid the $300.00 sanction. (*See id.*, doc. 38.) He also filed a motion for writ of mandamus in this court, and because it appeared to relate to his appeal, the motion was transferred to the Fifth Circuit, which later dismissed it for want of prosecution. (*See id.*, docs. 39-41.)

In a post-transfer *Motion to Vacate and Reverse Sentence(s)* received in Habeas Case (No. 3:18-CV-144-C) on October 4, 2019, Petitioner again appeared to seek to vacate and reverse his convictions. (*See id.*, doc. 43.) He appeared to argue that the respondents had failed to timely respond to his appeal and had waived the right to file an appellate brief. (*See id.,* doc. 43 at 2.) Citing 28 U.S.C. 2255 and *McClesky*, he specifically stated that federal courts are empowered to

---

[3]Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

issue a writ of habeas corpus where an individual is being held in violation of federal law, and that he "hop[ed]" that the necessary trial officials would discuss the possibility of a favorable recommendation in his case. (*Id.* at 2-3.) The motion was construed as a second successive § 2254 petition, this new habeas case, No. 3:19-CV-2392-C (Second Habeas Case) was opened, the successive petition was filed in it, and it was transferred to the Fifth Circuit on October 9, 2019. (*See id.,* docs. 43, 44, 45*; see also* No. 3:19-CV-2392, docs. 3-5.) On December 3, 2019, the Fifth Circuit again denied Petitioner leave to file a successive § 2254 petition, again sanctioned him in the amount of $300.00, and again warned him that future frivolous, repetitive or otherwise abusive filings would subject him to additional and progressively more severe sanctions. (No. 3:19-CV-2392*,* doc. 7.)

Petitioner now claims that the Court erred in construing his post-transfer *Motion to Vacate and Reverse Sentence(s)* filed in Habeas Case (No. 3:18-CV-144-C) as a successive § 2254 habeas petition, ordering it filed in this Second Habeas Case (No. 3:19-CV-2392-C), and transferring it to the Fifth Circuit. (*See id.,* doc. 8 at 1.)[5] This error allegedly resulted in the imposition of another $300.00 sanction upon him that is hindering and delaying his § 1983 Action. (*See id.*) He asks this Court "to withdraw [its] judgment of transfer" of this Second Habeas Action to the Fifth Circuit as a successive § 2254 petition, "reconstruct the 1983 complaint that birthed this Order," and remove the $300 monetary sanction imposed by the Fifth Circuit. (*See id.* at 1-2.)

## II. NATURE OF CHALLENGE

The Fifth Circuit has construed the transfer of a successive habeas action "as properly filed

---

[5]Petitioner's filing specifically references document 45 in Habeas Case, No. 3:18-CV-144-C, which is the same as document 5 in this Second Habeas Case, No. 3:19-CV-2392-C. Because he filed his challenge in this Second Habeas Case, Petitioner's filing is liberally construed as challenging document 5 in this Second Habeas Case.

4

under 28 U.S.C. § 1631, which authorizes a federal court which lacks jurisdiction to transfer an action to the court with proper jurisdiction." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).[6]  It has "repeatedly recognized that a § 1631 transfer order of a habeas petition deemed successive is an appealable, collateral order" which may be treated as final.  *Id.* at 687; *see also Patterson v. Vannoy,* 689 F. App'x 360, 361 (5th Cir. 2017); *United States v. Ennis,* 559 F. App'x 337, 338 (5th Cir. 2014) (per curiam).  A post-transfer challenge to a § 1631 transfer order of a successive habeas petition filed in the district court is considered under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See Ennis,* 559 F. App'x at 338 (reviewing denial of Rule 59(e) motion seeking reconsideration of § 1631 transfer order); *see also Myers v. Cain*, No. 10-4496, 2012 WL 5450046, at *3–4 (E.D. La. Nov. 7, 2012) (finding that a challenge to the transfer of a habeas petition as second or successive to the Fifth Circuit was a permissible Rule 60(b) motion); *Curry v. United States*, No.10-1520, 2011 WL 1083109, at *1 (W.D. La. Mar. 22, 2011) (construing request for reconsideration of order transferring writ to the Fifth Circuit as successive under Rule 59(e)).  The applicable rule is determined "based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).

A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 59(e) or Rule 60(b).  *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005)

---

[6]Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

(holding that a post-judgment motion in a § 2254 case "is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment"). A motion that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, however, qualifies as a second or successive habeas petition. *Id.* at 531; *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010). Here, because Petitioner's motion does not seek to advance one or more substantive claims or attack the resolution of his claims on the merits, but merely alleges a defect in the integrity of Second Habeas Case, it does not raise a second or successive claim. *See id*. The December 16, 2019 challenge to the October 19, 2019 transfer order was filed outside of Rule 59(e)'s 28-day limit, so it is properly considered under Rule 60(b). (*See* docs. 5, 8.)

### III. RULE 60(b)

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Rule 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered if relief is sought under subsections (1), (2), and (3). *See* Rule 60(c)(1).

Petitioner's claim that the Court erred in construing his *Motion to Vacate and Reverse*

*Sentence(s)* in Habeas Case (No. 3:18-CV-144-C) as a successive petition, filing it in this Second Habeas Case, and transferring it to the Fifth Circuit may be liberally construed as alleging mistake under subsection (1). *See Webb v. Davis*, 940 F.3d 892, 898-99 (5th Cir. 2019) (finding that petitioner's claim that the district court erred procedurally in holding that his guilty plea waived his right to raise his habeas claims fell under Rule 60(b)(1)). "A 'mistake' under Rule 60(b)(1) includes judicial errors, but such an error must be a "fundamental misconception of the law, and not merely an erroneous ruling." *Id.* at 899.

As stated in the title of his post-transfer *Motion to Vacate and Reverse Sentence(s)* received in Habeas Case (No. 3:18-CV-144-C) on October 4, 2019, Petitioner sought to vacate and reverse his conviction. (*See* doc. 3 at 1, 2.) His invocation of 28 U.S.C. 2255 and *McClesky*, in connection with his statements that federal courts are empowered to issue a writ of habeas corpus where an individual is being held in violation of federal law, and that he was "hoping" that the necessary trial officials would discuss the possibility of a favorable recommendation in his case, appeared to again challenge and seek relief from his state convictions. (*Id.* at 2-3.) His comments about the respondents' failure to timely file appellate briefs did not challenge either this Court's failure to reach the merits in Habeas Case (No. 3:18-CV-144-C), or the order transferring it to the Fifth Circuit for lack of jurisdiction, so it was not properly considered under Rule 60(b). (*See id.* at 3.)

Under *Gonzalez*, 545 U.S. at 531, Petitioner's *Motion to Vacate and Reverse Sentence(s)* qualified as a second or successive habeas petition that was properly construed as a successive § 2254 petition and transferred to the Fifth Circuit for lack of jurisdiction. He has not shown that the transfer order was entered as a result of any judicial mistake, and relief under Rule 60(b)(1) is not warranted. *See Webb,* 940 F.3d at 899; *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933,

938 (5th Cir. 1999).

Because Petitioner's motion has been construed as arising under Rule 60(b)(1), it is not construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). The Fifth Circuit has made clear that it allows for the granting of relief from a judgment for "any ... reason that justifies relief" other than those reasons listed in Rule 60(b)(1)–(5), so "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)." *Webb*, 940 F.3d at 899 (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005)). For this reason, any alleged Court error under Rule 60(b)(1) cannot also be the basis for relief under Rule 60(b)(6). *Id.*[7]

## IV. RECOMMENDATION

Petitioner's motion should be construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

**SO RECOMMENDED** this **3rd** day of **August**, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7]To the extent that Petitioner seeks relief in this Court from the Fifth Circuit's sanction order, it lacks the authority to review that order. *See Cardona v. Beeman*, 382 F. App'x 376, 378 (5th Cir. 2010) (per curiam) ("District courts lack [ ] jurisdiction to review the decisions of appellate courts[.]").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9