IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WHALEY,  )<br>     ID # 645333,       )<br>          Petitioner,    )<br>vs.                    )<br>                       )<br>                       )<br>COURT OF CRIMINAL APPEALS, et al., )<br>          Respondents.    ) | No. 3:19-CV-2392-C (BH)<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Motion For Post-Conviction Relief*, received on August 25, 2020 (doc. 13). Based on the relevant filings and applicable law, the motion should be construed as a new habeas petition under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as successive.

### I. BACKGROUND

On June 9, 1993, Michael Dewayne Whaley (Petitioner) was convicted of aggravated robbery with a deadly weapon in Cause Nos. F91-45041 and F93-01488, and engaging in organized criminal activity in Cause No. F92-36477, in Dallas County, Texas, and was sentenced to 40 years' imprisonment in each case. *See* https://offender.tdcj.texas.gov/offendersearch. The judgments were affirmed on appeal. *See Whaley v. State*, Nos. 11-93-127-CR, 11-93-128-CR, 11-93-129-CR. 11-93-130-CR (Tex. App. – Eastland Dec. 9, 1993.) He unsuccessfully challenged those convictions through a federal habeas petition that was dismissed on October 27, 1999, as time-barred. *See Whaley v. Johnson*, No. 3:97-CV-2760-D (N.D. Tex.). Because of his multiple challenges to the same state convictions, on April 28, 2011, the United States Court of Appeals for the Fifth Circuit

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

sanctioned Petitioner $150.00 and barred him from filing "any challenge to his conviction or sentence until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *In re Whaley*, No. 11-10180 (5th Cir. April 28, 2011).

Petitioner filed a civil action under 42 U.S.C. § 1983 that was received on November 23, 2016, against several defendants based on their roles in his prosecution, conviction, appellate review, and incarceration in Cause Nos. 91-45041, 92-35477, 92-36482, and 93-01488. (*See* No. 3:16-CV-3281-C (§ 1983 Action), doc. 2.) His claims were dismissed by judgment dated September 5, 2017. (*See id.*, docs. 16, 19, 20.) Petitioner appealed the judgment, but his appeal was ultimately dismissed for want of prosecution. (*See id.*, docs. 21, 24.) He filed several post-judgment motions, including a *Motion for Released [sic] on Parole* that was received on January 11, 2018, that alleged prosecutorial misconduct and insufficient evidence to support his convictions, asked that the state court judgments be set aside, and sought his release pending an evidentiary hearing. (*See id.*, doc. 31 at 1-2.) Because the motion for release expressly challenged his state confinement, it was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See id.*, docs. 32, 33.) A new habeas case, No. 3:18-CV-144-C (Habeas Case), was opened; the petition was filed in it, and it was then administratively closed for failure to comply with the Fifth Circuit's April 2011 sanction order. (*See* Habeas Case, No. 3:18-CV-144-C, docs. 3, 4, 5.) Petitioner appealed, and the appeal was dismissed for want of prosecution on December 24, 2018. (*See id.*, docs. 6, 23.)[2]

On October 30, 2018, the Fifth Circuit notified this court that Petitioner had satisfied the

---

[2]Petitioner also subsequently filed a post-judgment motion in Habeas Case that was construed as a petition for writ of mandamus, a new mandamus case, No. 3:18-CV-2816-C (Mandamus Case) was opened, and the petition for writ of mandamus was filed in that new mandamus case. (*See id.*, doc. 16; *see also* No. 3:18-CV-2816-C, doc. 3.) Over Plaintiff's objection, Mandamus Case was dismissed for lack of jurisdiction on January 23, 2019. (No. 3:18-CV-2816-C, docs. 11, 12, 13 and 14.)

$150.00 sanction in No. 11-10180.  (*See id.*, doc. 17.)  Habeas Case was then reopened and transferred to the Fifth Circuit as a successive petition on November 20, 2018.  (*See id.*, docs. 18, 20-21.)  Noting that he appeared to raise claims of "no evidence" and prosecutorial misconduct, on January 28, 2019, the Fifth Circuit denied Petitioner leave to file a successive § 2254 petition, sanctioned him in the amount of $300.00, and barred him from filing any further challenge to his convictions or sentences until he paid the sanction in full, unless he first obtained leave.  (*See id.,* doc. 27.)  Petitioner moved to reinstate the appeal, and the Fifth Circuit granted his motion, but it later dismissed the appeal for lack of jurisdiction because the notice of appeal was inadequate and the appeal was moot, and it also found that the appeal was frivolous.  (*See id.*, docs. 28, 30, 34, 35.)  Noting the pending filing bar and unpaid sanction, the Fifth Circuit did not impose additional sanctions, but it again warned Petitioner that filing future frivolous or repetitive challenges to his conviction or sentence would subject him to additional and progressively more severe sanctions. (*See id.*, doc. 34 at 2.)[3]  Petitioner subsequently paid the $300.00 sanction imposed in January 2019.  (*See id.*, doc. 38.)[4]

In a post-transfer *Motion to Vacate and Reverse Sentence(s)* received in Habeas Case (No. 3:18-CV-144-C) on October 4, 2019, Petitioner again appeared to seek to vacate and reverse his convictions.  (*See id.*, doc. 43.)  He appeared to argue that the respondents had failed to timely respond to his appeal and had waived the right to file an appellate brief.  (*See id.,* doc. 43 at 2.) Citing 28 U.S.C. 2255 and *McClesky*, he specifically stated that federal courts are empowered to

---

[3]Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[4]Petitioner also filed a motion for writ of mandamus in this court, and because it appeared to relate to his appeal, the motion was transferred to the Fifth Circuit, which later dismissed it for want of prosecution.  (*See id.*, docs. 39-41.)

issue a writ of habeas corpus where an individual is being held in violation of federal law, and that he "hop[ed]" that the necessary trial officials would discuss the possibility of a favorable recommendation in his case. (*Id.* at 2-3.) The motion was construed as a second successive § 2254 petition, this new habeas case, No. 3:19-CV-2392-C (Second Habeas Case) was opened, the successive petition was filed in it, and it was transferred to the Fifth Circuit on October 9, 2019. (*See id.,* docs. 43, 44, 45*; see also* No. 3:19-CV-2392, docs. 3-5.) On December 3, 2019, the Fifth Circuit again denied Petitioner leave to file a successive § 2254 petition, again sanctioned him in the amount of $300.00, and again warned him that future frivolous, repetitive or otherwise abusive filings would subject him to additional and progressively more severe sanctions. (No. 3:19-CV-2392*,* doc. 7.)[5]

In a *Motion For Correctness*, received in Second Habeas Case on December 16, 2019, Petitioner claimed that the district court had erred in construing his post-transfer *Motion to Vacate and Reverse Sentence(s)* in Habeas Case (No. 3:18-CV-144-C) as a successive § 2254 habeas petition, ordering it filed in this Second Habeas Case (No. 3:19-CV-2392-C), and transferring it to the Fifth Circuit. (*See id.,* doc. 8 at 1.)[6] He claims that this error allegedly resulted in the imposition of another $300.00 sanction upon him that was hindering and delaying his § 1983 Action. (*See id.*) He asked that the district court "to withdraw [its] judgment of transfer" of this Second Habeas Action to the Fifth Circuit as a successive § 2254 petition, "reconstruct the 1983 complaint that birthed this Order," and remove the $300.00 monetary sanction imposed by the Fifth Circuit. (*See*

---

[5]By letter dated August 10, 2020, the Fifth Circuit advised that Petitioner has satisfied the December 3, 2019 sanction. (No. 3:19-CV-2392-C, doc. 11.)

[6]Petitioner's filing specifically references document 45 in Habeas Case, No. 3:18-CV-144-C, which is the same as document 5 in this Second Habeas Case, No. 3:19-CV-2392-C. Because he filed his challenge in this Second Habeas Case, Petitioner's filing is liberally construed as challenging document 5 in this Second Habeas Case.

4

*id*. at 1-2.)  Because the court found that the motion alleged a defect in the integrity of Second Habeas Case rather than raise a second or successive claim, it construed the motion as seeking relief under Fed. R.Civ. P. 60(b), and denied it on August 24, 2020.  (*See id.*, docs. 8, 10, 11.)

On August 25, 2020, Petitioner's *Motion For Post-Conviction Relief* and certificate of inmate trust account were received in this Second Habeas Case.  (*See id.*, docs. 13, 14.)  Although Petitioner cites Fed. R. Civ. P. 60(b), he sets forth grounds for relief, including that he was denied due process based on prosecutorial misconduct because the prosecutor used evidence of bad character, and the state did not produce sufficient evidence to convict him.  (*See id.*, doc. 13 at 2.)  He seeks to have all cases "expunged" because the sentences were excessive. (*Id.*)

## II. NATURE OF CHALLENGE

Petitioner's filing specifically invokes Fed. R. Civ. P. 60(b).

The Fifth Circuit has construed the transfer of a successive habeas action "as properly filed under 28 U.S.C. § 1631, which authorizes a federal court which lacks jurisdiction to transfer an action to the court with proper jurisdiction." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).[7]  It has "repeatedly recognized that a § 1631 transfer order of a habeas petition deemed successive is an appealable, collateral order" which may be treated as final.  *Id.* at 687; *see also Patterson v. Vannoy,* 689 F. App'x 360, 361 (5th Cir. 2017); *United States v. Ennis,* 559 F. App'x

---

[7]Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

337, 338 (5th Cir. 2014) (per curiam). A post-transfer challenge to a § 1631 transfer order of a successive habeas petition filed in the district court is considered under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Ennis,* 559 F. App'x at 338 (reviewing denial of Rule 59(e) motion seeking reconsideration of § 1631 transfer order); *see also Myers v. Cain*, No. 10-4496, 2012 WL 5450046, at *3–4 (E.D. La. Nov. 7, 2012) (finding that a challenge to the transfer of a habeas petition as second or successive to the Fifth Circuit was a permissible Rule 60(b) motion); *Curry v. United States*, No.10-1520, 2011 WL 1083109, at *1 (W.D. La. Mar. 22, 2011) (construing request for reconsideration of order transferring writ to the Fifth Circuit as successive under Rule 59(e)). The applicable rule is determined "based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).

A motion for relief from judgment that seeks to advance one or more substantive habeas claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 59(e) or Rule 60(b), however. *See Gonzalez,* 545 U.S. at 538) (holding that a post-judgment motion in a § 2254 case "is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment").

Here, Petitioner's motion seeks to advance one or more substantive claims, i.e., denial of due process based on prosecutorial misconduct and insufficient evidence. (*See* doc. 13 at 2.) Because it asserts grounds for relief from the same underlying state court conviction that he originally

6

challenged in this case, it is properly construed as another successive habeas petition under 28 U.S.C. § 2254.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[8] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive

---

[8] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

7

when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions that he challenged in a prior federal petition that was denied on its merits. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same convictions.

Petitioner's new federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly dis-

8

covered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this new successive petition for habeas relief, this court lacks jurisdiction over the new habeas action.

### IV.  RECOMMENDATION

The post-judgment motion (doc. 13) should be construed as a new 28 U.S.C. § 2254 habeas petition, and the Clerk of Court should be **DIRECTED** to: (1) terminate the motion in this case; (2) open a new habeas case for administrative purposes only; (3) docket the motion in that new case as a § 2254 petition filed on August 25, 2020; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file in the new case a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any order accepting these Findings, Conclusions, and Recommendation; and (6) without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED** this 31st day of **August**, 2020.

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE